IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| D.C. TOLVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 05-0580-CG-B |
| ) | |
| WEYERHAEUSER COMPANY and ) | |
| JAMES HARNER, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the court on the motion of plaintiff, D.C. Tolver, to remand (Doc. 10), defendant Weyerhaeuser Company's response in opposition (Doc. 12), and plaintiff's reply (Doc. 13). For the reasons stated below, the court finds that defendant, Weyerhaeuser, has not met its burden of demonstrating federal jurisdiction. Therefore, plaintiff's motion to remand is due to be GRANTED, and the case shall be REMANDED to the Circuit Court of Wilcox County, Alabama.

## DISCUSSION

Plaintiff moves for remand, asserting that there is no basis for federal question jurisdiction and that the parties are not diverse because both plaintiff and defendant, James Harner, are residents of the State of Alabama. Weyerhaeuser, on the other hand, argues that the complaint asserts federal claims and that Harner was fraudulently joined and, therefore, should not be considered in determining whether there is diversity jurisdiction.

Federal courts are courts of limited jurisdiction; therefore, remand statutes are construed narrowly and jurisdictional uncertainties are resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Diversity jurisdiction, as a general rule, requires

complete diversity - every plaintiff must be diverse from every defendant. Strawbridge v. Curtiss, 3 Cranch (7 U.S.) 267, 2 L. Ed. 435 (1806); 28 U.S.C. § 1332(a)(1). In evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction. Pacheco De Perez v. AT &T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).

In a removal case alleging fraudulent joinder, the removing party has the burden of proving either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997); see also Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). The removing party's burden is a heavy one. "The federal court makes these determinations based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties." Crowe, 113 F.3d at 1538 (citing B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)). Moreover, "[w]here a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." Pacheco De Perez, 139 F.3d at 1380. Or in other words, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker v. Amoco Oil Co., 709 F.2d 1433 (11th Cir. 1983), superceded by statute on other grounds as stated in Wilson v. General Motors Corp., 888 F.2d 779 (11th Cir. 1989).

In this case, the complaint asserts claims against defendant, Weyerhaeuser, for discrimination on the basis of age in violation of Alabama Act 97-723 (Count One), for breach of

2


contract (Count Three), and for negligence (Count Four).  The complaint only asserts one claim against defendant, Harner, for defamation (Count Two).  The complaint alleges that Harner defamed plaintiff by falsely saying that plaintiff had violated a company policy. (Complaint, ¶ 18).   The complaint avers that Harner's defamatory statement was made maliciously and outside the line and scope of his duties and in furtherance of Harner's own personal agenda of seeing that plaintiff was terminated. (Complaint, ¶ 18).  Harner's statements were allegedly used as justification for terminating plaintiff (Complaint, ¶ 18).

Plaintiff contends that Harner cannot be held liable for defamation because his statements were not published.

To establish a prima facie case of defamation, plaintiffs must show:

> [1] that the defendant was at least negligent [2] in publishing [3] a false and defamatory statement to another [4] concerning the plaintiff, [5] which is either actionable without having to prove special harm (actionable per se) or actionable upon allegations and proof of special harm (actionable per quod).

Delta Health Group, Inc. v. Stafford, 887 So.2d 887, 895 (Ala. 2004) (quoting Nelson v. Lapeyrouse Grain Corp., 534 So.2d 1085, 1091 (Ala.1988)).  Defendant, Weyerhaeuser, points out that this court found in a previous case that communications among employees in that case did not constitute a publication. Watters v. Lousiana Pacific Corp, 2005 WL 1588676, *4 (S.D. Ala. July 1, 2005) (citations omitted), affirmed 156 Fed.Appx. 177, 2005 WL 3150516 (11th Cir. 2005).   In Watters, the court stated that "communications among employees in the course of transacting the company's business and in the proper scope of the employee's duties do not constitute a publication." Id.  "[T]here is no publication, and thus no actionable defamation, '[a]s long as a communication to a nonmanagerial employee falls within the proper scope of that employee's knowledge or duties.'" Id. (quoting Cantrell v. North River Homes, Inc., 628 So.2d

551, 553 (Ala.1993)).  This court found that the evidence in <u>Watters</u> demonstrated that the statements at issue were made to employees in the line and scope of the employees' employment and did not constitute publication to a third party. <u>Id.</u>  Even if the statements had been made outside the line and scope of the employees' employment, the <u>Watters</u> defendant still would not have been liable because in <u>Watters</u>, the plaintiff had only named the corporation as a defendant and had not sued the individual employee.  The defendant corporation could not have been liable for an employee's actions that were outside the scope of his employment. <u>See</u> <u>Hoover v. Tuttle</u>, 611 So.2d 290, 294 (Ala. 1992) (finding that basic principles of agency law apply to defamation, and that a principal is not vicariously liable for an agent's defamation outside the scope of his duties).

In this case, the complaint asserts a claim for defamation directly against the individual employee, Harner, and alleges that Harner's statements were made maliciously and outside the line and scope of his duties and in furtherance of Harner's own personal agenda of seeing that plaintiff was terminated.  Therefore, taking plaintiff's factual allegations as true, Harner's statements are not protected by the fact that they were made to other employees. <u>See</u> <u>Hoover</u>, 611 So.2d at 293 ("Because there appears to be a fact question as to whether Tuttle, Mullens, and Wright, either individually or in concert, acted outside the scope of their duties to the Post by making false statements concerning Hoover's military service record, the summary judgment for Tuttle, Mullens, and Wright could not have been based on a lack of publication.  There was sufficient evidence of publication and of a conspiracy among these individual defendants to defame Hoover to warrant submission of the defamation claims to a jury.")

Weyerhaeuser, further alleges that Harner cannot be held liable for defamation because

his statements were true. The complaint states that Harner "told him in front of HR personnel that he was being terminated because he had not submitted the paperwork for the Grade-all." Weyerhaeuser, contends that plaintiff was, in fact, terminated for that reason and, therefore, that the statement is true. However, the complaint also alleges that Harner said that plaintiff "had violated a company policy, which he had not." (Complaint, ¶ 18). Plaintiff alleges that it was this defamatory statement that was used as justification for terminating plaintiff. (Complaint, ¶ 18). Whether plaintiff violated company policy is a question of fact, yet to be determined. Thus, the court finds that Weyerhaeuser, has not met its burden of demonstrating that plaintiff cannot maintain an action for defamation against Harner on the basis that the statements were true.

Defendant, Weyerhaeuser, argues that even if Harner's statements were false, they were not defamatory because they did not damage plaintiff's reputation or tend to impute dishonesty or corruption. Weyerhaeuser, argues that the statements do not rise to the level of accusing plaintiff of theft or misappropriation of company property. The issue appears to be the degree of plaintiff's injury. However, Harner's accusations were allegedly used to terminate plaintiff. (Complaint, ¶ 11, 18). Termination is clearly a serious injury. As plaintiff points out, the Supreme Court of Alabama has stated that "[w]ords are actionable which directly tend to the prejudice of any one in his office, profession, trade, or business, in any lawful employment by which he may gain his livelihood." Gaither v. Advertiser Co., 14 So. 788, 789 (1894) (citations omitted). The court finds that defendant, Weyerhaeuser, has not met its burden of demonstrating that the statements alleged did not sufficiently injure plaintiff to be actionable.

Weyerhaeuser, also asserts that plaintiff should not be allowed to maintain his claim against Harner because the allegation that Harner acted outside the line and scope of his

employment is inconsistent with plaintiff's claim that Weyerhaeuser Company discriminated against plaintiff. However, the complaint does not specify the discriminatory conduct which plaintiff alleges is the basis of plaintiff's discrimination claim. The complaint alleges that Harner engaged in other allegedly discriminatory conduct that may have been within the line and scope of Harner's employment.[1] Plaintiff also alleges that Weyerhaeuser failed to investigate plaintiff's claim that Harner's statements were false and plaintiff's claim that the false statements were made for discriminatory reasons. (Complaint, ¶¶ 11,12). Thus, the court finds that plaintiff's allegation that Harner's defamatory statements were made outside the line and scope of Harner's employment is not inconsistent with plaintiff's claim against Weyerhaeuser.

Weyerhaeuser, also asserts that plaintiff's claims, although drafted as state law claims, are essentially federal discrimination claims. However, it is a well-settled rule that the plaintiff is the master of his complaint. See, e.g., Franklin v. QHG of Gadsden, Inc., 127 F.3d 1024, 1028 (11th Cir. 1997); U.S. v. Jones, 125 F.3d 1418, 1428 (11th Cir. 1997); Ariail Drug Co., Inc. v. Recomm Int. Display Inc., 122 F.3d 930, 934 (11th Cir 1997). As the Supreme Court has noted:

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

---

[1] The complaint alleges that Harner wrote plaintiff up for not submitting paperwork for requisitioning equipment, but did not write up other younger, white, employees who were guilty of the same violation. (Complaint, ¶ 6). The court notes that the alleged defamatory statements also arise from Harner stating that plaintiff failed to properly submit paperwork for requisitioning equipment. However, plaintiff alleges that on the occasion from which plaintiff's defamation claim arises, the proper paperwork was in fact submitted, although it was submitted by someone else. Plaintiff does not allege that Harner falsely stated the facts when Harner wrote plaintiff up on previous occasions.

>pleaded complaint. See Gully v. First Nat'l Bank, 299 U.S. 109, 112-113, 57 S.Ct. 96, 97-98, 81 L.Ed. 70 (1936). The rule makes the plaintiff the master of the claim; **he or she may avoid federal jurisdiction by exclusive reliance on state law.**

Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (emphasis added). In this case, plaintiff's complaint relies exclusively on Alabama law. Defendant, Weyerhaeuser, further asserts that there is no state law action in Alabama for discrimination by an individual. However, the complaint does not assert a claim of discrimination against Harner. The complaint only asserts a claim of discrimination against Weyerhaeuser Company.

## **CONCLUSION**

For the reasons stated above, plaintiff's motion to remand (Doc. 10) is **GRANTED,** and this case is hereby **REMANDED** to the **Circuit Court of Wilcox County, Alabama**.

**DONE and ORDERED** this 25th day of May, 2006.

                                        /s/  Callie V. S. Granade
                                    CHIEF UNITED STATES DISTRICT JUDGE